MOLOLAMKEN

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

December 3, 2024

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York  10007
ALCarterNYSDChambers@nysd.uscourts.gov

BY ECF AND EMAIL

> Re:  ***La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan***,
>       **Nos. 1:19-mc-00536-ALC & 1:23-cv-06273-ALC**

Dear Judge Carter:

We represent respondent Apex Lead Investment Holdings Limited ("Apex") in these two related matters, *La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 1:19-mc-00536-ALC (the "Attachment Action"), and *La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 1:23-cv-06273-ALC (the "Award Confirmation Action").  We respectfully submit this letter with the consent of petitioners La Dolce Vita Fine Dining Co. Ltd. et al. and respondent Zhang Lan ("Zhang") in response to this Court's November 15, 2024 order to submit a joint status report concerning how the parties propose to proceed with both actions and reach a finding on ownership, including whether their positions have changed on the motion to amend the petition in the Attachment Action.  (Attachment Action Dkt. 115; Award Confirmation Action Dkt. 56.)

The parties have conferred twice over the matters discussed with Your Honor during the November 13, 2024 status conference.  The parties agree on appropriate next steps in certain respects but disagree in other respects.

### Motion to Amend

As Your Honor will recall, petitioners previously obtained an ex parte order of attachment of the paintings in the Attachment Action (Dkt. 20) but have not yet obtained an order confirming that attachment.  On July 20, 2021, petitioners filed a motion for leave to file a Second Amended Petition in the Attachment Action (Dkt. 95) (the "Motion to Amend").  Respondents opposed that motion, which remains pending before Your Honor.

The parties have reached a compromise concerning petitioners' Motion to Amend. Specifically, the parties will promptly submit a proposed order granting the Motion to Amend with

the further stipulations that: (i) paragraphs 19-20 and 73-76 will be deemed omitted from the proposed Second Amended Petition, and the phrase "which form the basis for the Court's personal jurisdiction over Zhang (and Apex)" will be deemed omitted from paragraph 44 of the proposed Second Amended Petition; (ii) petitioners agree that they are not asserting that Zhang or Apex is subject to personal jurisdiction in this forum and that petitioners are not asserting claims for fraudulent conveyance (i.e., in the Award Confirmation Action, petitioners do not seek relief other than confirmation of the Awards, turnover of the artworks, and appointment of a receiver); (iii) these stipulations do not preclude petitioners from asserting "badges of fraud" and/or that any conveyance or purported conveyance relating to the paintings is voidable; and (iv) for the avoidance of doubt, if respondents (or either of them) argue that personal jurisdiction is necessary for the Court to exercise quasi in rem jurisdiction over the artworks (or to grant the relief requested in the Award Confirmation Action), petitioners reserve the right to argue that respondents are subject to personal jurisdiction to the extent necessary for the exercise of such quasi in rem jurisdiction (or to grant the relief so requested).  Respondents reserve the right to oppose the Second Amended Petition and any motion to confirm the ex parte attachment on any appropriate legal or factual ground.

### The Ownership Issue

Respondents argue that the Court should determine in the Attachment Action only whether "it is probable" that petitioners will succeed in showing Zhang's ownership, similar to the provisional standard that would apply on a motion for preliminary injunction.  CPLR § 6212.  If the Court confirms the attachment order, respondents maintain that the Court should then: (1) resolve Apex's and Zhang's threshold legal challenges to the Award Confirmation Action (including without limitation venue, forum non conveniens, Rule 19, and *Orion Shipping*); (2) address any further proceedings that may be necessary to establish quasi in rem jurisdiction in the Award Confirmation Action if not already preclusively established in the Attachment Action; (3) resolve Zhang's objections to confirmation under the New York Convention; and (4) address any turnover or other post-judgment remedies that petitioners may pursue.  Respondents further argue that there is no need to determine at this time what preclusive effect, if any, the Court's ownership findings on the motion to confirm the attachment may have on later proceedings in the Award Confirmation Action.

Petitioners, by contrast, believe that the Court (and the parties) should only have to address the ownership issue once, and that the Court may conclusively determine the ownership issue in either the Attachment Action or the Award Confirmation Action.  Petitioners further believe that resolution of the issue in the Attachment Action will largely or totally moot respondents' legal challenges to the Award Confirmation Action, after which the Court may resolve Zhang's objections to confirmation under the New York Convention and, assuming those objections are rejected, confirm the Awards and order a turnover.

### Discovery

Petitioners state that they should be permitted to take additional limited discovery.  During the recent status conferences, petitioners suggested further limited discovery prior to resolving the ownership issue.  In particular, in light of Zhang's previously asserted evidentiary objections

(authenticity and hearsay), petitioners suggested sending respondents a set of requests for admissions to determine which factual allegations they actually dispute. Respondents state (below) that they are willing to respond reasonably to requests for authentication of documents, but that does not address their anticipated hearsay objections with respect to evidence concerning facts that should not be in genuine dispute. Determining which facts are genuinely disputed will facilitate resolution of the ownership issue. Petitioners also maintain that respondents should be required to produce privilege logs relating to petitioners' prior documents requests. Apex's prior lawyers presumably have a record of which documents were withheld on privilege grounds. Accordingly, petitioners request that any schedule concerning resolution of the ownership issue include a brief period for addressing these discovery issues.

Respondents oppose any further discovery in these actions. In respondents' view, the parties already conducted extensive discovery in the Attachment Action in the 2020-2022 timeframe. Apex produced nearly 1,500 pages of documents. Respondents also maintain that petitioners repeatedly told the Court during the most recent hearing that no further substantive discovery was necessary, and petitioners similarly represented to this Court years ago that their proposed Second Amended Petition would not require any further discovery. *See, e.g.*, Attachment Action Dkt. 96. Apex and Zhang have expressed their willingness to be reasonable in responding to any requests for authentication of documents. Apex objects in particular to petitioners' demand for a privilege log. That request is extremely belated and would impose enormous burdens at this late date. Apex conducted its document search and production *years* ago, at a time when it was represented by a different law firm. Attempting to reconstruct privilege determinations made by another law firm years after the fact would be extraordinarily burdensome and impractical.

The parties thank the Court for its time and attention to these matters.

Respectfully submitted,

Robert Kry

cc:    all counsel by ECF

3