USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/31/26 _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**LA DOLCE VITA FINE DINING COMPANY LIMITED and LA DOCLE VITA FINE DINING GROUP HOLDINGS LIMITED,**

        **Petitioners,**

        **-against-**

**ZHANG LAN and APEX LEAD INVESTMENT HOLDINGS LIMITED,**

        **Respondents.**

**1:23-cv-06273 (ALC)**

**OPINION & ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioners La Dolce Vita Fine Dining Company and La Dolce Vita Fine Dining Group Holdings Limited (together "Petitioners") bring this action for (1) confirmation under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") of two foreign arbitral awards; (2) an order directing that judgment on the Arbitral Awards be entered in favor of Petitioners and against Respondent Zhang Lan ("Zhang"); and (3) turnover of two paintings in which Petitioners allege Zhang has an interest. For the reasons discussed below, the arbitration awards are **CONFIRMED**.

## BACKGROUND

In 2013, Petitioners acquired a majority interest in the "South Beauty" chain of restaurants in China and two other companies from Zhang. Petition to Confirm and Enforce Foreign Arbitral Awards ¶ 2, ECF No. 1 (hereinafter "Petition" or "Pet."). Following the discovery of fictitious transactions, Petitioners commenced two arbitral proceedings before the China International Economic and Trade Arbitration Commission ("CIETAC") against Zhang. *Id.* ¶¶ 2-3. In April 2019, Petitioners were awarded a combined $142,463,666.28 by the arbitral

panel. *Id.* ¶ 3. Zhang appealed these awards through and in February 2021, the Second China International Commercial Court affirmed the arbitral awards ("Awards"). *Id.*

Meanwhile, as the appeal of the arbitral awards was pending in Beijing, in November 2019 Petitioners filed to attach two paintings—Andy Warhol's "Little Electric Chair" (1965) and an untitled Martin Kippenberger self-portrait (1988) (together "Paintings")— Petitioners allege were purchased by Zhang at a 2014 Christie's New York ("Christie's") auction. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 9 ¶ 32 ("Attachment Proceeding"). This Court granted Petitioners an *ex parte* Order of Attachment on November 21, 2019. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 20.

On December 31, 2019 Respondent Apex Lead Investment Holdings Limited ("Apex") indicated it would appear in the Attachment Proceeding and claimed to be the owner of the Paintings. Pet. ¶ 10. Petitioners allege that Apex is a shell company used by Zhang to disguise her purchase of the Paintings in an effort to render herself judgment proof from the arbitration awards. *See id.* On December 31, 2020, Petitioners filed an amended petition in the Attachment Proceeding, adding Apex as a Respondent. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 74. In July 2021, Petitioners filed a motion to amend the petition for an order of attachment. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 95. The Parties jointly stipulated to grant Petitioners leave to file the Second Amended Petition, with some revisions that are discussed below. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 118. The Second Amended Petition was filed on January 2, 2025. *See* Dkt. 1:19-mc-00536-ALC, ECF No. 119. For clarity, the Order of Attachment remains unconfirmed and that related action is still active. The Paintings remain at Christie's. Pet. ¶ 9.

Regarding the instant action, Petitioner filed their Petition to Confirm and Enforce Arbitration Awards on July 20, 2023, naming both Zhang and Apex as Respondents. *See* Pet. ("Award Confirmation Proceeding"). As stated above, the Petition seeks to confirm the Awards and judgment directing turnover of the Paintings in partial satisfaction of the Awards and that Petitioners be appointed receivers of the Paintings for that purpose. *Id.* ¶ 9. On February 27, 2024, both Respondents filed separate motions to dismiss. *See* ECF Nos. 35, 36 ("Apex Mot."), 37, 38 ("Zhang Mot."). Both motions argued that the Court lacked personal jurisdiction over the Respondents. *See id.* Apex's motion also argues that (1) Apex is not a proper respondent to the Petition as it was not a party to that arbitration, (2) the Petition exceeds the scope of the Federal Arbitration Act ("FAA"), and (3) Petitioners' turnover and receivership claims are improper. *See* Apex Mot. at 12-18, 18-19, 19-21. Zhang's motion argues that the Petition should be dismissed for (1) improper venue, (2) on the grounds of *forum non conveniens*, and (3) because the arbitral procedure was not in accordance with the agreement of the parties as required under Article V of the New York Convention. *See* Zhang Mot. at 17-20, 20-22, 22-25.

In the Parties' joint stipulation regarding the Attachment Proceeding, Respondents agreed that

> if respondents (or either of them) argue that personal jurisdiction is necessary for the Court to exercise quasi in rem jurisdiction over the artworks (or to grant the relief requested in the Award Confirmation Action), petitioners reserve the right to argue that respondents are subject to personal jurisdiction to the extent necessary for the exercise of such quasi in rem jurisdiction (or to grant the relief so requested).

*See* Dkt. 1:19-mc-00536-ALC, ECF No. 118 ¶ e. Considered alongside a joint status report filed on December 3, 2024, the Court takes this statement to mean that the Respondents withdraw their personal jurisdiction arguments. ECF No. 57. Therefore, this opinion will only pertain to the other arguments in the Respondents' motions to dismiss.

**STANDARD OF REVIEW**

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") is incorporated into the law of the United States through Chapter 2 of the Federal Arbitration Act. 9 U.S.C. § 201. As a general matter, the Second Circuit has recognized "the strong deference appropriately due arbitral awards and the arbitral process." *Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC*, 497 F.3d 133, 138-39 (2d Cir. 2007). The Second Circuit has held that confirmation under the New York Convention is a "summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). An arbitral award should be enforced if there is "a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Loc. 32B-32J, Servs. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citing *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)). An action within the New York Convention's scope is "deemed to arise under the laws and treaties of the United States." *Drip Cap., Inc. v. M/S. Goodwill Apparels*, 665 F. Supp. 3d 511, 518 (S.D.N.Y. 2023) (citing 9 U.S.C. § 203).

When looking at whether to confirm an Arbitral Award, Article V of the New York Convention provides the seven defenses which a district court may consider. *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) ("The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies."); *see also* 9 U.S.C. § 207 (stating that a "court shall

confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention").

Article V to the New York Convention states the following:

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
   a. The parties to the agreement referred to in Article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
   b. The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
   c. The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
   d. The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
   e. The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
   a. The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
   b. The recognition or enforcement of the award would be contrary to the public policy of that country.

Article V, New York Convention; *see also Drip Cap*, 665 F. Supp. 3d at 519. "[T]he showing required to avoid summary confirmance [of an arbitral award] is high." *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997). The party "opposing enforcement of an arbitral award has the burden to prove that one of the seven

defenses applies." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809-10 (2d Cir. 2022).

## DISCUSSION

### I.    Apex's Role

Apex argues that it is not a proper party to this action and that the Petition should be dismissed against it. Apex Mot. at 18. The Court agrees.

Section 207 of the Federal Arbitration Act ("FAA") states that "any party to the arbitration may apply . . . for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. In this case there is no dispute that Apex was not a party to the arbitration at issue. ECF No. 42 at 11 ("Petitioners are not seeking to enforce the Awards against Apex."). A petition to confirm under the New York Convention is not a "proper vehicle … to confirm the award issued in connection with a proceeding in which the third party did not participate and was not compelled to participate." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 716 F. Supp. 3d 242, 300 (S.D.N.Y. 2024). "The award may be confirmed only to the extent that it orders relief against a party or a participant." *Id.*

There are limited situations in which this does not apply, but as previously stated, Petitioners do not contend that they seek to enforce the awards against Apex, so these other situations are not necessary to discuss. Instead, it seems that Apex was only added as a respondent given its intervention in the related Attachment Proceeding and its claimed ownership over the Paintings. Therefore, Apex is not a proper party to this action.

Apex additionally argues that it is a necessary party under Federal Rule of Civil Procedure 19 and that the Petition must be dismissed, or Apex will be prejudiced. Apex Mot. at 10. "[A]n absent person may be 'necessary' under Rule 19(a) if 'that person claims an interest

6

relating to the subject of the action and is so situated that disposing of the action in the person's

absence may[,] ... as a practical matter[,] impair or impede the person's ability to protect the

interest.'" *Am. Trucking Ass'n, Inc. v. New York State Thruway Auth*., 795 F.3d 351, 356–57 (2d

Cir. 2015) (quoting Fed. R. Civ. P. 19(a)(1)(B)). Once a Court determines that a party is

necessary (and that the party cannot be joined), "the Court must finally determine if the absent

party is 'indispensable.'" *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000). If the

Court finds the party to be so, the action must be dismissed pursuant to Rule 19(b). *See id.*

Apex argues that it is a required party because of its ownership claims over the Paintings.

Apex Mot. at 10. As Apex was not a party to the Awards, it does not claim any interest in this

action outside of any finding related to ownership of the Paintings or remedies involving the

Paintings. *Id.*; *see also* ECF No. 43 at 6 ("Petitioners assert that Apex is not a required party

because it has already intervened in the related attachment proceeding…. That argument ignores

the obvious risk that this Court may decide the ownership question in this recognition action

before it decides the issue in the attachment action.").

As discussed later in this opinion, a finding regarding ownership of the Paintings is not

necessary to confirm the Awards and the Court declines to grant any judgment that would

prejudice Apex's interest in the Paintings. The Court believes that the Attachment Proceeding is

the correct forum for litigating those issues and that action is one where Apex has intervened and

can protect its interest. Therefore, Apex is not a required party and it is **DISMISSED** from this

action.

## II.    Venue

Respondent Zhang argues that venue is not proper in the Southern District of New York. Per their reading of the Federal Arbitration Act § 204, a federal district court is only the proper venue for an action under the New York Convention if it is (i) the district where "an action or proceeding with respect to the controversy between the parties" could have been brought, or (ii) the district embraces the "place designated in the agreement as the place of arbitration." 9 U.S.C. § 204. However, as Zhang note, several courts within this District have found that "in the absence of an agreement to the contrary, venue is proper in any court that has subject matter jurisdiction." *Linsen Int'l Ltd., et al. v. Humpuss Sea Transport PTE LTD, et al.*, No. 09-cv-10393 (GBD), 2011 WL 1795813, at *2 (S.D.N.Y. Apr. 29, 2011); *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12-cv-04502 (ALC), 2016 WL 5793399, at *4 (S.D.N.Y. Sept. 30, 2016); *see* Zhang Mot. at 18-19.

This argument is nearly identical to one raised by Zhang in a separate action to confirm the Awards regarding two New York City apartments, which Petitioners alleged were owned by Zhang ("Apartments Proceeding"). *See* Dkt. 21-cv-03071, ECF No. 39. In that action, Magistrate Judge Willis found venue to be proper, which was adopted by Judge Kaplan, overruling objections from Zhang. *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21CV3071LAKJW, 2022 WL 2531816, at *4 (S.D.N.Y. Apr. 20, 2022), report and recommendation adopted, No. 21-CV-3071 (LAIC), 2023 WL 1927827 (S.D.N.Y. Feb. 10, 2023), opinion vacated, appeal dismissed sub nom. *La Dolce Vita Fine Dining Co. Ltd. v. Lan*, No. 23-480, 2023 WL 5686197 (2d Cir. Aug. 30, 2023).

As in this case, Zhang did not contest that this Court has subject matter jurisdiction over the case and cited only one case from this District for the proposition that venue is improper when it is not obvious that the underlying dispute could have been litigated in this District. *See SSI (Beijing) Company Ltd. v. Prosper Business Development Corp.*, No. 18-cv-08408 (VEC), 2020 WL 6323938, at \*7 (S.D.N.Y. July 30, 2020). However, as noted by Magistrate Judge Willis, "in that case neither party objected to venue in the Southern District of New York and the argument was found to be waived." *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21CV3071LAKJW, 2022 WL 2531816, at \*4 (S.D.N.Y. Apr. 20, 2022). Therefore, Magistrate Judge Willis found venue to be proper. *Id.*

Judge Kaplan agreed venue was proper, but based on a slightly different reading of the case law. Judge Kaplan disagreed that venue and subject matter jurisdiction are coextensive, but rather that "[v]enue is proper in this district because an action or proceeding with respect to the controversy could be brought in this district." *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21-CV-3071 (LAK), 2023 WL 1927827, at \*5 (S.D.N.Y. Feb. 10, 2023). Judge Kaplan also found that "an 'action or proceeding with respect to the controversy' between the parties may include a proceeding to attach property as pre-judgment security." *Id.*

This Court finds venue to be proper under either analysis. As in the previous case, this District is clearly one in which an "action or proceeding with respect to the controversy" could have been brought given the related attachment action. Accordingly, venue in this District is proper.

### III.   *Forum Non Conveniens*

Zhang additionally argues that the petition should be dismissed on grounds of *forum non conveniens*. A motion based on forum non conveniens is analyzed through a three-step framework. "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005).

Zhang argues that (1) little deference should be awarded to the Petitioners' choice of forum given that they are foreign corporations, (2) the alternative forum, China, is adequate to adjudicate this dispute, (3) the fact specific information to determine ownership of the Paintings weighs in favor of adjudication in China, and (4) that China has a greater interest than New York in the enforcement of arbitration awards issued in Beijing. Zhang Mot. at 20-22. Again, these same arguments were raised by Zhang in the Apartments Proceeding, and rejected as a basis to dismiss the action. *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21CV3071LAKJW, 2022 WL 2531816, at *4-5 (S.D.N.Y. Apr. 20, 2022), report and recommendation adopted, No. 21-CV-3071 (LAIC), 2023 WL 1927827 (S.D.N.Y. Feb. 10, 2023), opinion vacated, appeal dismissed sub nom. *La Dolce Vita Fine Dining Co. Ltd. v. Lan*, No. 23-480, 2023 WL 5686197 (2d Cir. Aug. 30, 2023). Likewise here the Court is unconvinced.

The Second Circuit has recognized that when a "a plaintiff, even a foreign plaintiff, chooses to sue in a United States court for 'legitimate reasons,' the more deference must be given to that choice." *Bigio v. Coca-Cola Co.*, 448 F.3d 176, 179 (2d Cir. 2006). Petitioners have

10

a legitimate reason for choosing this forum given the related attachment action proceeding and the presence of the Paintings here.

As to whether China would be an adequate alternative forum, this Court finds it is not for this case as the Paintings and Attachment Proceeding are in this District. Zhang relies on one Second Circuit decision, wherein that court found that the assets of the Peruvian government should not be attached in the Southern District. *See* Zhang Mot. at 21 (citing *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 393-94 (2d Cir. 2011)). As Magistrate Judge Willis noted, though, there "the party against which attachment was sought was a sovereign state [and] the Second Circuit noted that 'deferring to litigation in another jurisdiction is appropriate where the litigation is intimately involved with sovereign prerogative.'" *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21CV3071LAKJW, 2022 WL 2531816, at *5 (S.D.N.Y. Apr. 20, 2022) (quoting *Figueiredo*, 665 F.3d at 392)). Given that Zhang is a private party, Zhang's connections to China do not, on their own, render China an adequate alternative forum.

Lastly, regarding the private and public interest factors, Zhang argues that Petitioners have failed to show that this action can be resolved "in summary fashion without recourse to witnesses and documents from abroad, including from China." Zhang Mot. at 22. The Court first notes that the Parties have already engaged in extensive discovery in the related Attachment Proceeding. Despite this, Zhang fails "identify any specific evidence that would make litigating this confirmation proceeding in this forum burdensome or inconvenient for the parties." *La Dolce Vita Fine Dining Co. v. Zhang*, No. 21-CV-3071 (LAIC), 2023 WL 1927827, at *6 (S.D.N.Y. Feb. 10, 2023), opinion vacated, appeal dismissed sub nom. *La Dolce Vita Fine*

*Dining Co. Ltd. v. Lan*, No. 23-480, 2023 WL 5686197 (2d Cir. Aug. 30, 2023). The Court finds that Zhang has the ability to introduce evidence to rebut the Petitioners' claims in both this action and the Attachment Proceeding, so any private interest factor based on the availability of discovery is minimal. The public interest factor weighs in favor of adjudication here as confirmation of international arbitration awards falling under the New York Convention is "a favored policy of the United States." enforcement of such awards is normally a favored policy of the United States." *Figueiredo*, 665 F.3d at 392.

Dismissal on the basis of *forum non conveniens* is therefore unwarranted.

### IV.    Article V of the New York Convention

Zhang argues that, under two provisions Article V of the New York Convention, the Court should decline to confirm the award. Firstly, Zhang argues this Court should decline to confirm the arbitral awards because the "composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties," one of the seven grounds identified in Article V of the New York Convention to deny confirmation of foreign arbitral awards. Zhang Mot. at 24. Specifically, Zhang contends that the CIETAC failed to appoint all three arbitrators as required by its rules. *Id.* Zhang raises this argument when she appealed the arbitration awards, and it was rejected. ECF No. 40 at 24. Additionally, Zhang raised this argument in front of Magistrate Judge Willis and Judge Kaplan, who both rejected the argument as a basis to refuse to confirm the Awards.  *La Dolce Vita Fine Dining Co. Ltd. v. Zhang*, No. 21CV3071LAKJW, 2022 WL 2531816, at *5 (S.D.N.Y. Apr. 20, 2022), report and recommendation adopted, No. 21-CV-3071 (LAIC), 2023 WL 1927827 at *6 (S.D.N.Y. Feb. 10, 2023), opinion vacated, appeal dismissed sub nom. *La Dolce Vita Fine Dining Co. Ltd. v. Lan*,

No. 23-480, 2023 WL 5686197 (2d Cir. Aug. 30, 2023). Both Judges instead deferred to the court which adjudicated the appeal. This Court is similarly inclined.

Zhang argues that such deference would vitiate the New York Convention's "bite" and that this Court should apply its own procedural rules. ECF No. 44 at 9. But, the Second Circuit has made note of the strong "deference to proceedings the originating country… on the premise that… a foreign court well-versed in its own law is better suited to determine the validity of the award." *Europcar Italia, S.P.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998) (supporting a stay of confirmation of an award when there was a possibility a proceeding in the originating country would set aside the award); *see also Tianjin Port Free Trade Zone Int'l Trade Serv. Co., Ltd. v. Tiancheng Chempharm, Inc. USA*, 771 Fed. App'x 36, 36 (2d Cir. 2019) (upholding confirmation of an arbitral award from CIETAC and declining to consider an argument that was not raised as a defense in the arbitration). This Court declines to revisit the ruling of either the arbitral panel or the appellate court.

Zhang second argument under Article V of the New York Convention is that alleged "self help" discovery used by the Petitioners in the arbitration does not conform with procedures of the United States courts and therefore the Petition should be dismissed as contrary to public policy under Article V(2)(b). Zhang Mot. at 24-25. Article V(2)(b) allows a court to refuse "recognition or enforcement of the award [if such recognition or enforcement] would be contrary to the public policy of that country." *See Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405, 411 (2d Cir. 2009) (holding that confirming a foreign arbitral award was not contrary to New York's public policy against compelling a party to violate a foreign judgment). But "Article V(2)(b) must be 'construed very narrowly' to encompass only those circumstances

'where enforcement would violate our most basic notions of morality and justice.' " *Id. at 411* (quoting *Europcar Italia S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998)). "In reviewing an arbitral award for violations of public policy, a court may not 'revisit or question the fact-finding or the reasoning which produced the award.'" *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 818–19 (2d Cir. 2022) (quoting *IBEW, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 716 (2d Cir. 1998)). "Instead, 'a court's task in reviewing ... possible violations of public policy is limited to determining whether the award itself, as contrasted with the reasoning that underlies the award, create[s] [an] explicit conflict with other laws and legal precedents' and thus clearly violates an identifiable public policy.'" *Id.*

Zhang does not argue that the Awards violate public policy themselves, only that the discovery processed behind the Awards may do so. Zhang Mot. at 24-25; ECF No. 44 at 10. In doing, Zhang offers no allegations as to whether the arbitrators or the appellate court considered these arguments. To find that the Awards should be refused under Article V(2)(b), Zhang would need to present the Court with an "argument that enforcement itself, 'within the parameters of the arbitrator's interpretation of the facts,'… violates public policy." *Commodities*, 49 F.4th at 819 (quoting *IBEW, Local 97*, 143 F.3d at 726).

Zhang has failed to meet her burden to deny confirmation of the arbitral awards pursuant to Article V of the New York Convention. Therefore the Court **CONFIRMS** the Arbitration Awards.

## V.   Judgment and Post-Judgment Remedies

As mentioned above, Petitioners request relief in addition to confirmation and enforcement of the Awards: turnover of the Paintings and appointment of the Petitioners as receivers. Pet. ¶ 1. As the Court has recently decided the issue of ownership in the related action and found that Zhang has an ownership interest in the Paintings, the Court is now prepared to address turnover of the Paintings.

In terms of proceeding with a future motion for turnover, the Court is inclined to proceed as it did in the Apartment Proceeding. This Court directed, after it confirmed the Order of Attachment on the apartments, that Petitioner obtain a judgment that the arbitration awards had "been recognized by the Southern District of New York and can be enforced in this Court." Dkt. 1:20-mc-00200-ALC, ECF No. 40 ¶ 3. This Court retained jurisdiction to allow the Petitioners to move for turnover following such a judgment. *Id.*

Although no such order has been made in this action or the related Attachment Proceeding, as the Order of Attachment has now been confirmed, this course of action is prudent in this case as well. Having received a judgment in this case that the Awards are confirmed and can be enforced by this District, Petitioners may now move for post-judgement relief seeking turnover of the paintings.

## CONCLUSION

For the reasons stated above, the Court **DISMISSES** Apex from this action. The Awards are hereby **CONFIRMED** under the New York Convention as to Zhang and can be **ENFORCED** by the United States Court for the Southern District of New York. The Clerk of Court is

respectfully directed to enter judgment for Petitioners. Petitioners are directed to file a motion for

regarding turnover of the paintings and appointment of a receiver by **April 21, 2026.**


**SO ORDERED.**

Dated:    **March 31, 2026**
          **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**