**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LA DOLCE VITA FINE DINING
COMPANY LIMITED and LA DOLCE
VITA FINE DINING GROUP HOLDINGS
LIMITED,

                    Petitioners,

      v.

ZHANG LAN and APEX LEAD
INVESTMENT HOLDINGS LIMITED,

                  Respondents.

No. 23-cv-6273-ALC

**APEX LEAD INVESTMENT HOLDINGS LIMITED'S REPLY**
**IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

Petitioners do not dispute that the paintings constitute "other security" within the meaning of Federal Rule of Civil Procedure 62(b).  Dkt. 79 ("Opp.") at 5.  Their sole objection is that the paintings are not "adequate" security because they would not secure the interest that would allegedly accrue while the appeal is pending.  That argument fails for three reasons.

***First***, the judgment cannot impose an interest obligation.  Because this Court has only *quasi in rem* jurisdiction, the judgment is limited to the paintings and cannot require the payment of additional sums of money, such as interest.  ***Second***, even if Apex must post security for any delay pending appeal, the paintings are appreciating assets that would satisfy that requirement.  ***Third***, even if there were some obligation to post security for interest pending appeal, the *Nassau County* factors would support waiving that requirement.  The Court should therefore approve the paintings as adequate security and stay enforcement of the judgment pending appeal.

## ARGUMENT

### I.    THE JUDGMENT IS LIMITED TO THE VALUE OF THE PAINTINGS

The paintings themselves are adequate security for appeal because the judgment in this *quasi in rem* proceeding cannot impose any additional monetary obligations.  Petitioners do not dispute that, in a *quasi in rem* proceeding like this one, the amount of the judgment is "limited to the value of the attached property."  *DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co. Tankschiff KG v. Essar Cap. Ams. Inc.*, 882 F.3d 44, 47 (2d Cir. 2018); *see also Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("The effect of a judgment in [a *quasi in rem*] case is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner . . . .").  That is why the petition sought a judgment only for turnover of the paintings, not for the full amount of the awards.  Dkt. 1 at prayer.  Because petitioners are not entitled to any payments beyond the value of the paintings, there is no basis to require security for any additional payments pending appeal.

The purpose of Rule 62 is "to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.' "  *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015).  A $1.45 million bond would improperly require Apex to secure ***more*** than petitioners can recover.  None of the cases on which petitioners rely supports such a requirement, because none of them involves an appeal from a judgment in a *quasi in rem* proceeding.  Rather, they are all money-judgment cases where the judgment creditor holds a personal obligation against the defendant, with post-judgment interest accruing on that sum.

Because the paintings themselves are fully sufficient to secure the most that petitioners can recover in this *quasi in rem* proceeding, the Court should approve the paintings as security.

**II.    THE PAINTINGS ARE APPRECIATING ASSETS**

Even if Apex were required to post security for delays pending appeal, the paintings would satisfy that requirement because they are appreciating assets.  Unlike money in an escrow account that must generate interest to compensate a judgment creditor for the time value of money, the paintings will increase in value while the appeal proceeds.  Works by famous artists such as Andy Warhol and Martin Kippenberger continue to fetch record prices.  *See, e.g.*, Robert Frank, *Andy Warhol's 'Marilyn' Sells for $195 Million, Setting Record for American Art*, CNBC (May 10, 2022).  The paintings themselves are thus sufficient to compensate petitioners for any delays.

Petitioners seek security for interest of $1.45 million calculated at a rate of 5.125%.  Opp. at 7.  There is simply no reason to doubt that the paintings will increase in value by at least that amount while the appeal proceeds.  Under those circumstances, requiring additional security for interest would overcompensate petitioners for any delays.

**III.    THE *NASSAU COUNTY* FACTORS SUPPORT WAIVING ANY FURTHER BOND REQUIREMENT**

Finally, even if there were some basis for requiring security for interest pending appeal, the *Nassau County* factors would favor waiving that requirement.  *See* 783 F.3d at 417-18.  *Nassau County* permits a court to waive security entirely in appropriate cases.  *Id.  A fortiori*, it supports the far more modest step of merely waiving additional security for interest pending appeal.

As Apex showed, the *Nassau County* factors favor waiving security in this case.  The first two factors, the complexity of the collection process and the time required to obtain payment following affirmance, favor a stay.  Petitioners' contention that there is "no reason . . . to believe" they could recover promptly following affirmance is baseless.  Opp. at 11.  The paintings are specifically identified property that is already restrained at Christie's.  If the judgment is affirmed, petitioners' receiver can promptly engage Christie's or another auction house to sell the paintings.

These are not obscure artworks for which finding buyers might be difficult. They are highly sought-after pieces that will undoubtedly attract bidders. That is not a complex collection process.

The third and fourth factors, the degree of confidence in the availability of assets to satisfy the judgment and whether the debtor's ability to pay is so plain that a bond would be wasteful, likewise favor a stay. Petitioners contend that "there is no basis for the Court to have any 'degree of confidence' whatsoever in the availability of funds to pay interest accruing on the Awards." Opp. at 11. But as explained above, the judgment in this *quasi in rem* case does not impose an interest obligation. And regardless, there is no doubt that sufficient assets are available to satisfy the judgment that petitioners actually seek: turnover of the paintings themselves. Given that the paintings are adequate security for the vast majority of the relief petitioners seek even by their own account, these factors likewise favor waiving security for interest pending appeal.

Finally, there is no evidence that Apex has the means to post security beyond the paintings themselves. In the attachment proceedings, petitioners urged that Apex is "a shell incorporated in Seychelles . . . two weeks after the auction" with only "one dollar in capital." No. 19-mc-00536, Dkt. 125 at 10-11. Having obtained an attachment based on arguments that Apex is a shell company with no assets, petitioners cannot now argue that Apex has sufficient means to post a $1.45 million bond. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . .").

4

## **CONCLUSION**

The Court should grant Apex's motion for a stay pending appeal and approve the restrained paintings as "other security" under Rule 62(b).

Dated:  May 19, 2026
New York, New York

Respectfully submitted,

  /s/ Robert K. Kry      
Robert K. Kry
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Tel.: (202) 556-2011
Fax: (202) 556-2001
rkry@mololamken.com

*Attorney for Respondent*
*Apex Lead Investment Holdings Ltd.*